IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAMAH MARY KIM KIPLEY PERKINS                               PLAINTIFF

V.                                  NO. 09-5287

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration              DEFENDANT

### **MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion to Remand for Consideration of Additional Medical Evidence. (Doc. #8). Plaintiff contends that remand is appropriate because she has new evidence which is material, and that there is good cause for failure to incorporate such evidence into the record in the prior proceeding. Defendant objects to the request for remand, arguing that the additional records are not material to the relevant period and that Plaintiff has not established good cause for failing to submit the additional records to the Appeals Council. (Doc. #11).

In the present case, the ALJ issued his decision denying disability benefits on May 20, 2009. Plaintiff began receiving treatment from the Ozark Guidance Center in June of 2009. The Appeals Council denied Plaintiff's request for appeal on December 1, 2009. On April 27, 2010, Plaintiff filed the present motion to remand.

In support of her motion, Plaintiff attached medical records from Ozark Guidance Center, reflecting treatment of Plaintiff from June 25, 2009, through December 18, 2009, for her mental impairments. The records indicate that Plaintiff was diagnosed with panic disorder with agoraphobia and depressive disorder, and they pertain to Plaintiff's anxiety, depression, and social problems that she suffered over the past several years. In addition, the records indicate

that Plaintiff's Global Functional Capacity ranged from 43 to 60 over the six months.

"Remand is appropriate only upon a showing by the claimant 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997)(citations omitted).

> To be considered material, the new evidence must be "non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." Furthermore, it must be reasonably likely that the Commissioner's consideration of this new evidence would have resulted in an award of benefits.

Id. (citations omitted).

The evidence in the present case which is used as a basis for remand did not exist on May 20, 2009, when the ALJ issued his decision, and this fact serves as cause sufficient to excuse Plaintiff's failure to include these records in the administrative proceedings. Goad v. Shalala, 7 F.3d 1397, 1398 (8th Cir. 1993) citing Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991).

With respect to the issue of materiality, medical evidence obtained after an ALJ decision "is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Thomas, 928 F.2d at 260, quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir.1990); Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984)("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insures status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status."). There is no question in the present case that the records from Ozark Guidance Center relate to Plaintiff's mental condition on or before the date of the ALJ's decision and bear upon the severity of Plaintiff's condition before the expiration of her insured status.

After reviewing the entire record, the Court finds that remand is appropriate for consideration of the additional medical evidence dated June 25, 2009 through December 18, 2009. This evidence appears to indicate that Plaintiff's mental impairments imposed limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. See Geigle v. Sullivan, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

**Conclusion**

Based on the foregoing, the Court finds that this matter should be remanded to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 2nd day of July, 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)